UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JACOB CHAPPELLL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | Judge |
| | ) | |
| RELIANCE GLOBALCOM SERVICES, INC., | ) | Magistrate Judge |
| d/b/a Global Cloud Xchange, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, Jacob Chappell, ("CHAPPELL"), by his attorneys, Gaffney & Gaffney P.C., for his Complaint against Defendant, Reliance Globalcom Services, Inc., d/b/a Global Cloud Xchange, ("RELIANCE"), states:

## Jurisdiction and Venue

1. This action seeks redress for RELIANCE's violations of the Fair Labor Standards Act, ("FLSA"), (29 U.S.C. § 201, *et. seq.*).

2. This Court has arising under jurisdiction over CHAPPELL's FLSA claim pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. The Court has supplemental jurisdiction over CHAPPELL's statutory and common law Illinois claims for violation of the Illinois Minimum Wage Law, ("IMWL"), (820 ILCS 105/1, *et. seq.*), the Illinois Wage Payment and Collection Act, ("IWPCA"), (820 ILCS 115/1, *et. seq.*), and breach of contract, pursuant to 28 U.S.C. § 1367, which are so related to the federal claims in this action that they form part of the same case or controversy under Article III of the Constitution of the United States of America.

4. Venue for this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 USCS § 1391, as this claim arose in this judicial district as RELIANCE transacts business in this judicial district.

## Common Allegations

5. RELIANCE is a Delaware Corporation headquartered at 2000 S. Colorado Blvd. Suite 2-130 Denver, Colorado 80222. RELIANCE is registered with the Illinois Secretary of State as a Foreign BCA, with a registered agent in Springfield, Illinois, and is doing business in Chicago, Illinois. RELIANCE does business under the name Global Cloud Xchange, which is a division, or otherwise considered part of the "Reliance Group."

6. CHAPPELL is a resident of Chicago, Cook County, Illinois, and is a former employee of RELIANCE within its Global Cloud Xchange division.

7. CHAPPELL began his employment with RELIANCE as an inside sales person in Chicago on or about July 29, 2013. He was involuntarily terminated on or about April 14, 2016.

## Count I – FLSA Action

1-7. CHAPPELL incorporates herein paragraphs 1 through 7 of the above allegations as paragraphs 1 through 7 of this Count I as if fully set forth herein, verbatim.

8. The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours work over forty (40) hours per workweek. 29 U.S.C. § 207.

9. At all times relevant, CHAPPELL was an "employee" of RELIANCE as defined by the FLSA. 29 U.S.C. § 203(e).

10. At all times relevant, RELIANCE was an "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

11. CHAPPELL was initially hired as an Inside Sales Specialist reporting to Mark Jarmoszka, Regional Vice President, Sales - Central. He held this position until November, 2015, at which time he was promoted to the position of Account Executive, which was also an inside sales position.

12. During the tenure of CHAPPELL's employment, his primary duties were making sales and obtaining orders or contracts for services from customers or clients from a fixed location. Such work is non-exempt work. 29 U.S.C. § 207.

13. At all times relevant, CHAPPELL duly and adequately performed the duties and responsibilities of his position as an inside sales persons.

14. At all times relevant, CHAPPELL worked out of a fixed site, either from his home in Chicago, Illinois, or out of the RELIANCE office in Chicago, Illinois.

15. At all times relevant, CHAPPELL did not customarily or regularly make sales calls to the customers' place of business; but rather, at all times, worked out of a fixed location and used either email, the internet, or telephone to perform the duties and responsibilities of his position.

16. CHAPPELL did not customarily or regularly work away from the RELIANCE place of business.

17. During the tenure of his employment, CHAPPELL worked approximately 50 to 60 hours per week. At times, CHAPPELL would work a until about 1:00 a.m. or 2:00 a.m. communicating with company management and customers located in the far east.

18. RELIANCE suffered and permitted CHAPPELL to work more than forty (40) hours per week without overtime pay.

19. RELIANCE knew that CHAPPELL worked in excess of 40 hours per week and knowingly permitted him to do so.

20. CHAPPELL did work in excess of forty (40) hours per workweek without receiving overtime compensation for his overtime hours worked.

21. RELIANCE knew that CHAPPELL's position was non-exempt under the FLSA, yet knowingly failed to pay CHAPPELL overtime compensation as required by the provisions of the FLSA. Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

22. At all times relevant, RELIANCE operated a willful scheme to deprive CHAPPELL of overtime compensation.

23. CHAPPELL has suffered damages from RELIANCE's violations of the FLSA, and CHAPPELL is entitled to recover unpaid overtime wages for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA. 29 U.S.C. § 255(a). CHAPPELL is also entitled to liquidated damages and attorneys' fees.

24. Upon information and belief, although it had a legal obligation to do so, RELIANCE did not make, keep, or preserve accurate records of the hours worked by CHAPPELL. However, his actual hours worked from week to week can reasonably be determined or confirmed along with his independent recollection by a comprehensive review and analysis of CHAPPELL's electronic work activities.

25. CHAPPELL demands a trial by jury on his Count I claim.

WHEREFORE, Jacob CHAPPELL respectfully requests that this Honorable Court declare Defendant, RELIANCE, to be in violation of the FLSA and to:

a. Enter a judgement in the amount of unpaid overtime wages for all time worked by CHAPPELL in excess of forth (40) hours in individual work weeks;

b. Award liquidated damages to CHAPPELL in an amount equal to the amount of unpaid overtime wages;

c. Award prejudgment interest (to the extent liquidated damages are not awarded);

d. Award reasonable attorneys' fees and costs; and

e. Grant such additional or alternative relief as this Honorable Court deems just and proper under the instant circumstances.

**Count II – Illinois Minimum Wage Law, ("IMWL"), Action**

1-25. CHAPPELL incorporates herein paragraphs 1 through 25 of Count I as paragraphs 1 through 25 of his Count II as if fully set forth herein, verbatim.

26. At all times relevant, CHAPPELL was an "employee" of RELIANCE as defined by the IMWL. 820 ILCS 105/3(d).

27. At all times relevant, RELIANCE was an "employer" as that term is defined by the IMWL. 820 ILCS 105/3(c).

28. This Count arises from Defendant's failure to pay CHAPPELL overtime wages for all time worked in excess of forty (40) hours in individual work weeks in violation of the IMWL.

29. Defendant directed CHAPPELL to work, and CHAPPELL did work in excess of forty (40) hours in individual work weeks. RELIANCE knew CHAPPELL worked in excess of 40 hours per week and permitted or encouraged him to do so.

30. CHAPPELL was entitled to be paid overtimes wages for all time worked in excess of forty (40) hours in individual work weeks.

31. Defendant did not pay CHAPPELL overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

32. Pursuant to 820 ILCS 105/12(a), CHAPPELL is entitled to recover unpaid wages for three (3) years prior to the filing of this suit.

WHEREFORE, Jacob CHAPPELL respectfully requests that this Honorable Court declare that Defendant, RELIANCE, has violated the IMWL and:

a. Enter a judgement in the amount of overtime wages due to Plaintiff as provided by the IMWL;

b. Award statutory damages for Plaintiff pursuant to the formula set forth in 820 ILCS 105/12(a) and 815 ILCS 205/2;

c. Award reasonable attorneys' fees and costs of this action as provided by the IMWL; and

d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

## Count III – Breach of Contract Action

1-7. CHAPPELL incorporates herein paragraphs 1 through 7 of the common allegations as paragraphs 1 through 7 of his Count III as if fully set forth herein, verbatim.

8. During the fiscal year beginning April 1, 2015, CHAPPELL was a participant in RELIANCE'S Global Cloud Xchange FY16 Sales Commission Plan commencing on April 1, 2015, and covering his sales performance during the period through March 31, 2016. A copy of

said Commission Plan is attached as Exhibit A. That Plan was part of the compensation package and agreement between CHAPPELL and RELIANCE.

9. CHAPPELL worked during the entire fourth quarter of the calendar year 2015, which is the third quarter of the Commission Plan, attached as Exhibit A.

10. CHAPPELL performed all conditions precedent that CHAPPELL was required to perform in order to receive his full commission due and owing for his sales performance for the calendar fourth quarter of 2015.

11. Based upon his performance in the fourth calendar quarter of 2015, CHAPPELL earned a commission of at least approximately $62,900.00.

12. RELIANCE paid CHAPPELL a commission of only $15,798.46 under the Commission Plan attached hereto as Exhibit A, for the period ending December 31, 2015.

13. Pursuant to the terms and provisions of the Commission Plan, attached as Exhibit A, RELIANCE owes CHAPPELL commissions for the period ending December 31, 2015, in the amount of approximately $47,100.00.

14. CHAPPELL has made demand for payment of the commissions and RELIANCE has failed and refused to pay CHAPPELL the amount due and owing.

15. As a direct and proximate result thereof, CHAPPELL has sustained damages in the amount of approximately $47,100.00.

16. CHAPPELL demands a trial by jury on his Count III claim.

WHEREFORE, CHAPPELL seeks judgment against RELIANCE in the amount of at least approximately $47,100.00, plus costs.

### Count IV – Illinois Wage Payment and Collection Act, ("IWPCA"), Action

1-16. CHAPPELL incorporates herein paragraphs 1 through 16 of Count III as paragraphs 1 through 16 of his Count IV as if fully set forth herein, verbatim.

17. At all times relevant, CHAPPELL was an "employee" of RELIANCE as defined by the IWPCA. 820 ILCS 115/2.

18. At all times relevant, RELIANCE was an Illinois "employer" of CHAPPELL as that term is defined by the IWPCA. 820 ILCS 115/2

19. CHAPPELL was a participant in the RELIANCE Global Cloud Xchange FY16 Sales Commission Plan commencing on April 1, 2015, and covering his sales performance during the period through March 31, 2016. Said Plan was part of the parties' agreement for compensation. A copy of said Commission Plan is attached as Exhibit A.

20. Based upon his performance in the fourth calendar quarter of 2015, CHAPPELL earned a commission of approximately $62,900.00.

21. The IWPCA further defines "wages" to include "earned commissions." 820 ILCS 115/2.

22. RELIANCE violated the IWPCA by failing to pay all of CHAPPELL's "earned commissions" due on a timely basis. 820 ILCS 115/3; 820 ILCS 115/4.

23. Following the termination of CHAPPELL's employment on April 14, 2016, RELIANCE also violated the IWPCA by failing to pay CHAPPELL his full final compensation due and owing by no later than the next regularly scheduled payday following his employment termination and by continuing in such failure to the present date. 820 ILCS 115/5.

24. RELIANCE's violations of the IWPCA were and are willful and intentional. At all times, RELIANCE had and has had the ability to pay CHAPPELL his "wages" in a timely fashion and has, at all times, continued to withhold the same.

25. As a result of RELIANCE's violations of the IWPCA, CHAPPELL is entitled to bring this civil action for the underpayment of wages, as well as an entitlement to statutory damages at the rate of two percent (2%) of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid, plus attorneys' fees, litigation expenses, and costs of suit. 820 ILCS 115/14.

WHEREFORE, CHAPPELL respectfully requests that this Honorable Court declare that RELIANCE has violated the IWPCA and:

    a. Enter a judgement in the amount of unpaid wages due to CHAPPELL as provided by the IWPCA;

    b. Award statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid as set forth in 820 ILCS 115/14(a);

    c. Award reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

    d. Grant such other and further relief as this Honorable Court deems just and proper under the instant circumstances.

## **JURY DEMAND**

Jacob CHAPPELL requests a trial by jury on his Counts I and III.

                                                      /s/ Glenn R. Gaffney
                                                      Attorney for JACOB CHAPPELL

Glenn R. Gaffney (6180598) (glenn@gaffneylawpc.com)
Jolianne S. Walters (6314222) (jolianne@gaffneylawpc.com)
Gaffney & Gaffney, P.C.
1771 Bloomingdale Road
Glendale Heights, IL 60139
630-462-1200
Fax (630) 462-7698